UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN ANTONIO SERRANO CHAVARRIA,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03693-DJC-CKD

RELEASE ORDER

A#: 201-465-057

Before the Court is Petitioner's First Amended Petition for Writ of Habeas Corpus ("FAP" (ECF No. 13)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") for twenty-one months. For the reasons stated below, the Court orders Respondents to release Petitioner from custody.

**BACKGROUND**

Petitioner is a citizen of El Salvador who re-entered the United States in March 2021. (FAP ¶ 25.) Since Petitioner had previously been removed from the United States, the Government reinstated his prior removal order under 8 U.S.C. § 1231(a)(5). (*Id.*) He was detained by ICE on December 16, 2024, and has remained detained

since. (*Id.* ¶ 27.) After an asylum officer found that Petitioner had established a reasonable fear of persecution or torture, Petitioner's case was referred for withholding-only proceedings. (*Id.* ¶ 28.) However, his applications for withholding of removal and protection under the Convention Against Torture were denied on April 21, 2025, and his appeal to the Board of Immigration Appeal was dismissed on September 4, 2025. (*Id.* ¶ 29.) On July 30, 2025, an immigration judge held a custody hearing and found that Petitioner was a flight risk and a danger to the community. (*Id.* ¶ 30.) On September 10, 2025, Petitioner filed a Petition for Review of the denial of his claims with the Ninth Circuit and received an automatic stay of his removal order which remains in effect. (*Id.* ¶ 31.) The government has moved to dismiss the petition as untimely; Petitioner states that the case turns on an open question in the Ninth Circuit which is "likely to be resolved in a published, precedent-setting decision" and therefore cause considerable delays. (*Id.* ¶ 33.)

Petitioner filed his first Petition for Writ of Habeas Corpus in February 2026, arguing that his detention had become unconstitutionally prolonged. Magistrate Judge Carolyn Delaney denied the petition, and this Court adopted her Findings and Recommendation in full. *Chavaria v. Warden of the California City Ice Det. Facility*, No. 1:26-cv-1157 DJC CKD P, 2026 WL 1374557, at *1 (E.D. Cal. May 14, 2026).[1] The day before this Court adopted the Findings and Recommendations of Judge Delaney, Petitioner filed a second pro se habeas petition, initiating this case. (Pet. (ECF No. 1).)

[1] Respondents urge the Court to deny the current Petition on the same basis as the Court's previous denial: "because [Petitioner] was mandatorily detained under § 1231(a) and because an Immigration Judge determined he was a flight risk." (Opp'n at 1.) But the Court's prior ruling in *Chavarria*, 2026 WL 1374557 does not control the present petition. The Findings and Recommendations adopted by the Court did not address whether § 1231(a)(6), as construed in *Zadvydas*, authorize Petitioner's detention indefinitely while his judicial review process is stayed. (*See* "F&R," Case No. 1:26-cv-1157 (ECF No. 16) at 2-3.) Even had the prior ruling reached the *Zadvydas* question, that inquiry is inherently time-bound. When Petitioner first filed his petition, he had been detained for fourteen months; he has now been detained for twenty-one months. As discussed *infra*, the growing duration of a detention is material to the *Zadvydas* analysis: *Zadvydas* specifies that the burden placed on Petitioner to show his removal is not reasonably foreseeable "would have to shrink" as detention lengthens. 533 U.S. at 701. And, critically, the Ninth Circuit proceedings on which removal depends have not advanced at all in months since Petitioner first filed for relief, considerably strengthening Petitioner's dispositive claim, examined *infra*, that his judicial appeal faces unusual delays.

The Court appointed counsel. (ECF No. 9.) Petitioner's counsel filed an Amended Habeas Petition and a Motion for a Temporary Restraining Order. (FAP; Mot (ECF No. 14).) The briefing on this matter is complete. (FAP; Opp'n; Reply (ECF No. 18).)

**DISCUSSION**

Petitioner has an order of removal pursuant to 8 U.S.C. § 1231(a)(5) and is therefore subject to detention under 8 U.S.C. § 1231(a)(6). Petitioner's pending judicial review of his withholding-only proceedings does not change that detention authority. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534–538 (2021) (holding that noncitizens with reinstated removal orders pursuing withholding-only relief are governed by section 1231).

The Supreme Court held in *Zadvydas v. Davis*, via the canon of constitutional avoidance, that there is "an implicit limitation" on section 1231 that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. 678, 689 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The presumptive ceiling for this detention is six months, after which, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018). A detainee is entitled to release if they can provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government fails to present evidence rebutting that showing. *Id.* at 701; *see also M.S.C.R. v. Lyons*, No. 1:26-CV-00594-DJC-EFB, 2026 WL 607998, at *1 (E.D. Cal. Mar. 4, 2026).

Petitioner has met his initial burden to show that his removal is not reasonably foreseeable. Petitioner points out that he has been detained "three times the presumptively reasonable period" established in *Zadvydas*. (FAP ¶ 46–47.) Since the length of Petitioner's detention is long, the showing of whether removal is reasonably

foreseeable must shrink. *Zadvydas*, 533 U.S. at 701 (explaining that "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). Petitioner argues that his removal is not reasonably foreseeable because his "petition for review is suspended: merits briefing has been stayed since November 2025, and the threshold motion to dismiss, fully briefed since December 2025, remains undecided, with no briefing schedule restored and no movement on the docket" (FAP p 47.) He further argues that the resolution of his case will be delayed because it "turns on an open question of law the Ninth Circuit is likely to resolve in a published decision rather than by summary order." (*Id.*)

Since Petitioner has met his initial burden, the Court must now consider whether Respondents have submitted sufficient evidence to rebut his showing. Respondents contend that "Petitioner faces a significant likelihood of removal in the reasonably foreseeable future if his pending bid for judicial relief is unsuccessful." (*Id.* at 4). The Government points to *Prieto-Romero v. Clark*, in which the Ninth Circuit held that a noncitizen detainee's three-year detention during administrative and judicial review of his removal did not place him in "removable-but-unremovable limbo" contemplated by the Supreme Court in *Zadvydas.* 534 F.3d 1053, 1063 (9th Cir. 2008). *Prieto-Romero* establishes that pending judicial review alone does not "render…detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Id.* However, Respondents have not presented any evidence rebutting Petitioner's arguments that his case faces unusual delays. *Prieto-Romero* did not address a situation wherein merits briefing was stayed for an extended period, or where the resolution of the detainee's case feasibly requires the circuit court to resolve a novel issue in a published opinion. Moreover, *Prieto-Romero* does not relieve the Government of its burden under *Zadvydas* to show that removable is reasonably foreseeable after Petitioner satisfies his initial burden: *Prieto-Romero* itself emphasizes that the Government carried its burden. 534 F.3d at 1063

(explaining that removal was not unforeseeable for *Zadvydas* purposes because "the government introduced evidence showing that repatriations to Prieto-Romero's country of origin, Mexico, are routine and that the government stands ready to remove Prieto-Romero as soon as judicial review is complete").

As Respondents have presented no other arguments to rebut Petitioner's showing, the Court concludes that Petitioner's removal is not reasonably foreseeable and he is entitled to relief.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Respondents are ordered to immediately release Petitioner Jonathan Antonio Serrano Chavarria from their custody, under reasonable terms of supervision pursuant to 8 C.F.R. § 241.5.
2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
3. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 15, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10–Chavarria-1:26-cv-03693.merits